UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA GARNER,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 24-cv-2381 (JMC)

## MEMORANDUM OPINION

This matter is before the Court on Defendant United States of America's motion to dismiss pro se Plaintiff Theresa Garner's complaint. ECF 42.[1] For the reasons explained below, the Court **GRANTS** the United States' motion and **DISMISSES** this case.

Garner's lawsuit arises under the Federal Tort Claims Act (FTCA). The Court does not quite understand her complaint, but from what the Court can gather, she alleges that the Federal Bureau of Investigation (FBI) was negligent in its failure to properly investigate crimes and conspiracies that she reported to it. ECF 1 at 5. The reported crimes include identity theft, sexual assault, and RICO violations by unidentified perpetrators. *Id.* at 5, 12. Garner claims these crimes occurred in "Arizona, Wisconsin, New York, Illinois, California, other States and Washington DC." *Id.* at 36. The time frame in which these alleged events happened is not clear, but some of the incidents in the complaint date back to 2016. *Id.* at 9. Garner claims that the FBI failed to "interview available witnesses," *id.* at 12, or provide her with information, *id.* at 26, and she also

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

seems to have a problem with the FBI's handling of forms she claims that it should have filled out, *id.* at 10. According to Garner, "multiple incidents of disparaging wrongful acts resulting in detainment, reputational harm and other injuries could have been avoided had a proper and timely investigation took place." *Id.* at 26. For example, she alleges that the FBI's failure to investigate her reports resulted in the "wrongful death of [her] mother." *Id.* at 7. She claims over $20 million in damages. *Id.* at 7–8.

Garner initially filed this matter in the Court of Federal Claims. *See id.* at 1. The United States moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court of Federal Claims did not have jurisdiction. ECF 13. In response, Garner filed a motion asking the Court of Federal Claims to transfer her case to this Court rather than dismiss it. ECF 14. In its reply, the United States represented that if the court did not dismiss Garner's case, it would not oppose the case being transferred to an appropriate district court. ECF 21. The Court of Federal Claims agreed that it did not have jurisdiction and transferred the matter to this Court. ECF 22.

In its motion to dismiss before this Court, the United States argues that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1); that Plaintiff has failed to state a claim, Fed. R. Civ. P 12(b)(6); and that venue is improper, Fed. R. Civ. P. 12(b)(3). ECF 42. The Court agrees that it does not have jurisdiction, so must dismiss this case and need not reach the United States' other arguments.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Garner's claim is not the kind for which Congress has waived the United States' sovereign immunity under the FTCA. That is because under the FTCA "[t]he United States is immune from suit for any claim 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of

a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Shuler v. United States*, 531 F.3d 930, 933 (D.C. Cir. 2008) (quoting 28 U.S.C. § 2680(a)). Courts apply a two-step test to determine whether the discretionary function exception applies: the exception only covers acts that (1) involve "an element of judgment or choice," and (2) are "based on considerations of public policy." *Macharia v. United States*, 334 F.3d 61, 65 (D.C. Cir. 2003) (quoting *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)).

This Court finds persuasive the reasoning of another court in this district recognizing that "[t]he decision to allocate limited governmental resources to investigate a reported crime . . . is a discretionary function" under that test and applies the same logic here. *Martinez v. United States*, 587 F. Supp. 2d 245, 248 (D.D.C. 2008). Garner has not identified any binding "federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow" in investigating her complaints. *Loumiet v. United States*, 828 F.3d 935, 941–42 (D.C. Cir. 2016) (quoting *Berkovitz v. United States*, 486 U.S 531, 536 (1988)). Indeed, the FBI "is not required to investigate every complaint filed." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010). Additionally, the choices the FBI makes in deciding how to assess complaints, who to interview, the timeline for its investigative work, or even which forms to use should not be influenced by the threat of private suit. *See Martinez*, 587 F. Supp. 2d at 248; *see also Gray v. Bell*, 712 F.2d 490, 513–14 (D.C. Cir. 1983) (recognizing that "[t]he federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy"). Because Garner's allegations fall under the FTCA's discretionary exception, the Court lacks subject matter jurisdiction and grants the United States' Rule 12(b)(1) motion. *See Sloan v. U.S. Dep't of Hous. and Urb. Dev.*, 236 F.3d 756, 765 (D.C. Cir. 2001) (finding that the district court lacked jurisdiction over FTCA complaint where discretionary function exception applied).

Garner does not dispute the United States' characterization of her claims. She does not cite the source of any mandatory duty she claims the FBI had to respond to her reports or otherwise rebut the United States' argument that this case falls into the discretionary exception. *See* ECF 44 at 1 (Court's order warning Garner of the consequences of failing to address all of Defendant's arguments); *see also SCPS, LLC v. Kind Law*, 770 F. Supp. 3d 11, 23 (D.D.C. 2025) (recognizing that "plaintiffs bear the burden of establishing that the Court has jurisdiction"). Indeed, she seems to acknowledge that the FBI's investigation of her reports involved discretionary conduct. *See* ECF 61 at 26 (arguing that Defendant's arguments about the FBI's discretion "misses the point" because the case "has very little to do with whether they had discretion" and "everything to do with negligence and gross negligence resulting in damages"). Instead, Garner argues that the United States waived the argument by not first raising it before the Court of Federal Claims. ECF 61. Garner's understanding of this case's posture and the relevant procedural rules are not quite right, but "parties may not waive or concede a federal court's subject matter jurisdiction," in any event. *Gardner v. United States*, 211 F.3d 1305, 1310 (D.C. Cir. 2000).

Here, Garner is upset about the FBI's alleged failure to investigate her claims, its decision not to fill out certain forms, and other things she thinks the FBI should have done. But Garner cannot seek millions of dollars in damages from the government because she disagrees with the FBI's response to her various reports. Because her case takes issue with the way the FBI decided to handle her complaints, Garner's claim falls within the FTCA's discretionary exception and the Court lacks jurisdiction.[2]

---

[2] The United States moves in the alternative to transfer this case to another district, arguing that venue here is improper. Having dismissed this matter for other reasons the Court did not reach the venue question. But the Court does not find it is in the interest of justice to send this case elsewhere because of the complaint's deficiencies. *See*, *e.g.*, *Naartex v. Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C. Cir. 1983) (holding that district court did not abuse its discretion

For the foregoing reasons, Defendant's motion to dismiss, ECF 42, is **GRANTED** and this case is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: July 24, 2025

---

in dismissing rather than transferring the case where Plaintiff "failed to show that its claims . . . could properly be heard in any federal court").